**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: ) | |
| ) | |
| AEGIS IDENTITY SOFTWARE, INC., ) | Case No. 18-10126-JGR |
| ) | Chapter 7 |
| Debtor. ) | |

**MOTION TO APPROVE SETTLEMENT BETWEEN
TRUSTEE AND STACY DEES**

Kevin P. Kubie, chapter 7 trustee, by and through his undersigned counsel, hereby moves, pursuant to F.R.B.P. 9019, for approval of a Settlement Agreement between the Trustee and Stacey Dees. In support hereof, the Trustee states as follows:

**A.  BACKGROUND.**

1.  On January 8, 2018 ("**Petition Date**"), the Debtor filed a voluntary Chapter 7 petition. Kevin P. Kubie is the duly qualified and acting trustee ("**Trustee**") of the Debtor's Chapter 7 bankruptcy estate ("**Estate**").

2.  Prior to the Petition Date, the Debtor was a provider of "identity management" solutions (password management, provisioning, identity synchronization, etc.) for the education market.

3.  Prior to the Petition Date, Stacy Dees ("**Dees**") obtained a judgment in the amount of $49,704.60 ("**Judgment**") against the Debtor in Arapahoe County, Colorado, in Case No. 2016CV30260 ("**Lawsuit**") for unpaid wages.

4.  After Judgment entered on February 16, 2017, Dees filed a transcript of Judgement in Arapahoe and Denver counties on April 14, 2017 and on July 14, 2017, Dees filed a copy of the Judgment with the Office of the Colorado Secretary of State as a UCC-1 Financing Statement ("**UCC-1**"), in an attempt to perfect a secured interest upon the Debtor's personal property assets. The Debtor did not authorize Dees to file the UCC-1.

5.  On or about September 27, 2017, the Debtor and Dees entered into an Agreement (**"Agreement"**) which set forth a plan to pay the Judgment.

6.  On November 8, 2017, after the Debtor failed to perform under the Agreement, the Debtor and Dees executed Amendment No. 1 to Agreement ("**Amended Agreement**").

7.  As part of the Amended Agreement, the Debtor executed a Bill of Sale in favor of Dees (**"Bill of Sale"**). The Amended Agreement provided that pending the Debtor's performance and payment under the Amended Agreement, Dees would hold the Bill of Sale which was intended to become automatically effective upon default by Debtor.

8. Within ninety (90) days of the Petition Date, Dees received two payments in the form of wire transfers from third parties which were applied as a payment under the Amended Agreement in the aggregate amount of $15,000.00 ("**Transfers**"). Dees contends the Transfers were not made by the Debtor and are not avoidable.

9. The Debtor defaulted under the Amended Agreement when it failed to make a required payment to Dees on December 8, 2017. After that default occurred, Dees asserts the Bill of Sale was valid and effectuated a transfer of the Debtors' assets to her in partial satisfaction of the Judgment. Alternatively, Dees' asserts that as a result of the delivery to her of the Bill of Sale, she is a secured creditor of the Debtor. The Trustee disputes Dees' assertions.

10. On the Petition Date, Dees asserts that the unpaid amount of the Judgment totaled $29,500.00, post judgment interest totaled $4,810.68 and attorney's fees and expenses totaled $9,919.51 for an aggregate amount of $44,230.19 ("**Dees Claim**").

11. The Trustee has filed a motion to sell various assets other than intellectual property ("**Office Equipment Sale Motion**"), and Dees has filed an Objection thereto.

**B.     DESCRIPTION OF THE PROPOSED SETTLEMENT.**

12. On or about May 1, 2018, the Trustee and Dees executed a Settlement Agreement ("**Agreement**"). A copy of the Agreement is attached hereto.

13. If the Agreement is approved, the following will occur:

   a. If the Trustee successfully closes on sale of the assets included in the Bill of Sale ("**Assets**") within one hundred twenty (120) days from the date of execution of this Agreement the Trustee agrees to pay Dees the sum total of $20,000.00 ("**Settlement Sum**") at closing ("**Asset Sale**"), in full and complete satisfaction of any claim Dees may possess to either ownership of the Debtor's assets as a result of the Bill of Sale, and in full and complete satisfaction of any alleged secured claim held by Dees against the Debtor by virtue of the either the Bill of Sale or the UCC-1. The one hundred twenty (120) day time period set forth herein for the Trustee to close on the Asset Sale shall be extended if the Trustee files a Sale Motion and an objection is received, and such extension shall be effective until final Bankruptcy Court approval of any sale motion is obtained, plus fifteen (15) days.

   b. Dees agrees to withdraw her objection to the pending Office Equipment Sale Motion so that sale may proceed, if desired. Dees alleged lien upon or alleged ownership rights in the Office Equipment which is the subject of the Office Equipment Sale Motion shall attach to the net proceeds from any sale of the Office Equipment. Should the Settlement Sum be paid to Dees, Dees shall have no right to receive any Office Sale Net Proceeds and any purported lien upon (or claimed rights to ownership of) the Office Sale Net Proceeds held by Dees shall be automatically extinguished. Should the Settlement Sum not be paid to Dees, all parties reserve all claims and rights they may possess vis-à-vis the Office Sale Net Proceeds.

   c. After an Asset Sale occurs and payment of the Settlement Sum to Dees is made, Dees shall be entitled to assert a pre-petition unsecured claim against the Debtor in the

amount of $24,230.19, for which a proof of claim must be timely filed ("**Dees Unsecured Claim**").

   d. After an Asset Sale occurs and payment of the Settlement Sum to Dees is made, Dees shall return the Bill of Sale to the Trustee marked as "Cancelled". Thus, the Bill of Sale will be void, cancelled and of no further consequence, force or legal effect.

   e. Upon Dees' full performance under the terms of this Agreement and in consideration of same, the Trustee agrees to release any possible claims the estate may possess to recover the Transfers from Dees.

   f. Dees shall terminate the UCC-1 by filing a UCC-3 Termination Statement with the Office of the Colorado Secretary of State.

   g. Dees will file a partial satisfaction of Judgment in the Lawsuit in the amount of $20,000.00, with an unsatisfied remaining amount due of $24,230.19.

   h. Broad mutual releases between the Trustee, on one hand, and Dees, on the other hand, will take effect.

**C. MERITS OF THE PROPOSED SETTLEMENT.**

  14. The Trustee is seeking to sell certain Assets of the Debtor, pursuant to 11 U.S.C. § 363. Dees asserts ownership of the Assets pursuant to the Bill of Sale. In order to obtain clear title to the Assets and avoid litigation pertaining to the Asset Sale, resolution of the Dees' claim to ownership of the Assets is in the best interests of the estate. It is anticipated that this will allow a sale of the Assets to proceed without objection, and to spare the estate the costs involved with litigation relating to the Bill of Sale and Dees' claims to ownership of said assets. The Settlement also allows the Trustee to proceed with the Office Equipment Sale Motion, should he desire to proceed with that matter.

  15. The law generally favors compromises and settlement of disputes among parties. *See Stanspec Corp. v. Jelco*, 464 F.2d 1184, 1187 (10th Cir. 1972). To evaluate a settlement proposal, a court must "determine whether the settlement is fair and equitable and in the best interests of the estate." *Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.)*, 105 B.R. 971, 976 (D. Colo. 1989). In making this determination, the Court should consider (1) the probable success of the litigation on the merits; (2) any potential difficulty in collection of a judgment; (3) the complexity and expense of the litigation; and (4) the interests of creditors in deference to their reasonable views. *See In re Kopexa Realty Venture Co.*, 213 B.R. 100, 1022 (B.A.P. 10th Cir. 1997); *Official Comm. Of Unsecured Creditors of Western Pac. Airlines v. Western Pac. Airlines (In re Western Pac. Airlines)*, 219 B.R. 575, 579 (D. Colo. 1998).

  16. In evaluating fairness of a settlement and compromise under Rule 9019, the Court is not obligated to conduct an evidentiary hearing. *Depoister v. Mary M. Holloway Foundation*, 36 F.3d 582, 586 (7th Cir. 1994); see also, *In re Armstrong*, 2002 Bankr. LEXIS 301 (B.A.P. 10th Cir. Mar. 28, 2002) ("in approving a settlement, the bankruptcy court is not required to conduct a 'mini-trial on the merits'").

17. The Trustee asserts that the Bill of Sale was taken as security to enforce the Judgment, that the Bill of Sale and Amended Agreement are governed by the strict foreclosure provisions set forth in C.R.S. § 4-9-620, and that because of Dees' failure to comply with the notice provisions contained therein, the Bill of Sale was ineffective. Further, the Trustee asserts that the filing of the UCC-1 was unauthorized and was ineffective to create a lien upon the Debtors' personal property assets, that recording the UCC-1 and taking of the Bill of Sale constitutes avoidable preferential transfers within the meaning of 11 U.S.C. § 547(b), and that the Transfers are also avoidable as preferential transfers within the meaning of 11 U.S.C. § 547(b). Dees disputes the Trustees' assertions that the Transfers constitute avoidable preferences, and contends she possesses valid defenses to any such claims and holds valid title to the assets of the Debtor.

18. If litigated, the Trustee believes he would prevail with relation to the Bill of Sale issues, and Dees' purported ownership of or valid secured lien upon the Debtor's Assets. With regard to the Transfers, it appears they were made by non-debtors and are not recoverable. Engaging in litigation with Dees over ownership of the Debtor's Assets would chill purchaser interest in the Assets, and would create uncertainty as to who possesses rightful title to such Assets and how disposition of any sale proceeds should be paid. The Trustee would not possess affirmative claims in such litigation, thus collection on a judgment is not a factor to be considered. However, the Trustee would incur attorneys' fees and costs in any such litigation, which expenses are spared via the Agreement.

19. Court approval of the Agreement is in the best interest of the Estate and its creditors, as it will preserve significant assets of the Estate and resolve the issues between the Trustee and Dees without the need for further litigation.

WHEREFORE, Kevin P. Kubie, Trustee, prays for approval of the Settlement Agreement and for such other and further relief as is just.

Dated: May 10, 2018         SPENCER FANE LLP

By:  /s/ David M. Miller
David M. Miller, #17915
Philip A. Pearlman, #11426
1700 Lincoln Street, Suite 2000
Denver, CO 80203
Ph. (303) 839-3800
Fax (303) 839-3838
e-mail: dmiller@spencerfane.com

ATTORNEYS FOR KEVIN P. KUBIE, TRUSTEE

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 10, 2018, I served by prepaid first class mail a copy of **MOTION TO APPROVE SETTLEMENT BETWEEN TRUSTEE AND STACY DEES**, the attachment, the related notice, and proposed order on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED. R. BANKR. P. and these L.B.R. at the following addresses:

US Trustee 11
Byron G. Rogers Federal Bldg.
1961 Stout St., Ste. 12-200
Denver, CO  80294-1961

Aegis Identity Software, Inc.
108 E. Pitkin Ave.
Pueblo, CO  81004-2110

Steven T. Mulligan
1099 18th St., Ste. 2150
Denver, CO  80202-1958

Curt Todd
837 E. 17th Ave., Ste. 102
Denver, CO  80218-1470

Jeffrey Weinman
730 17th St., Ste. 240
Denver, CO  80202-3506

Apoorva
10190 Bannock St., Ste. 106
Northglenn, CO  80260

Bucks Community College
275 Swamp Rd.
Newtown, PA  18940

Chicago State University
9501 S. King Dr.
Chicago, IL  60628

City Collage of San Francisco
IT Services
50 Phelan Ave.
LB-2 Adm213
San Francisco, CA  94112

College of William and Marry
IT-Jones Hall
200 Ukrop Way, Rm 208
Williamsburg, VA  23185

Colorado School of Mines
1500 Illinois St.
Golden, CO  80401

CSU San Bernardino
5500 University Pkwy.
San Bernardino, CA  92407

Hawaii Pacific University
1164 Bishop St., Ste. 800
Honolulu, HI  96813

Lane Community College
4000 E. 30th Ave.
Eugene, OR  97405

Louisiana Tech University
PO Box 7924
Raston, LA  71272

New Jersey Institute of Technology
218 Central Ave.
Univ Height
GITC
Newark, NJ  07102

Portland Community College
PO Box 1900
Portland, OR  97280

Queens University
207 Stuart St., 3rd Fl.
Kingston ON, Canada K7L 3NG

5

Radford University
PO Box 6885
Radford, VA  24142

Rockefeller University
1230 York Ave.
New York, NY  10065

Santa Fe Community College
6401 Richard Ave.
Santa Fe, NM  87508

Southern Illinois – Carbondale
625 Wham Dr.
Information Technology
MC4622
Carbondale, IL  62901

St. Edwards University
3001 S. Congress Ave.
PO Box 1036
Austin, TX  78704

University of Bridgeport
126 Park Ave.
Bridgeport, CT  06604

University of Louisiana Lafayette
104 E. University Ave.
Lafayette, LA  70504

University of Oregon
IT Services
1225 Kinkaid St.
1212 Univ. of Oregon
Eugene, OR  97403

Victoria University of Wellington
Kelburn, Wellington 6012
New Zealand

Wake Forest University
PO Box 7245
Winston-Salem, NC  27109

Washington College
300 Washington Ave.
Chestertown, MD  21620

West Virginia University
Office of IT
PO Box 6504
Morgantown, VA  26506


*/s/ Nancy Schacht*
Nancy Schacht