# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| AEGIS IDENTITY SOFTWARE, INC., ) | Case No. 18-10126-JGR |
| ) | Chapter 7 |
| Debtor. ) | |

## ORDER GRANTING OMNIBUS MOTION TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS PURSUANT TO BANKRUPTCY CODE SECTION 365

THIS MATTER comes before the Court upon the chapter 7 Trustee's ("**Trustee**") Omnibus Motion To Assume and Assign Certain Executory Contracts Pursuant to 11 U.S.C. § 365 (the "**Assumption Motion**").

The Trustee filed a Motion to Sell ("**Sale Motion**") certain of the Debtor's assets pursuant to an Asset Purchase Agreement (the "**APA**"), which the Trustee has entered into with ZIVARO Acquisition Sub 1, Inc. ("**Purchaser**" or "**Proposed Purchaser**"). As part of the sale to Purchaser, the Trustee intends to assume certain executory contracts consisting of "Customer Maintenance Agreements" ("**CMAs**") and assign those CMAs to Purchaser, as part of the assets being purchased (the "**Purchased Assets**"). All parties-in-interest having been heard or had the opportunity to be heard regarding the approval of the APA and the transaction contemplated thereby; and all objections to the Sale Motion having been withdrawn or overruled, the Court entered a separate Order approving the Sale Motion.

The Court has reviewed and considered the Assumption Motion and any objections or responses thereto, as well as the file in this Case, and being duly advised in the premises, the Court determines that the relief sought in the Assumption Motion is in the best interests of the Estate, its creditors, and all parties-in-interest and that the legal and factual bases set forth in the Assumption Motion establishes good cause to grant the Trustee the requested relief. Thus, it is HEREBY FOUND AND DETERMINED THAT

      A.    **Jurisdiction and Venue**. The Court has jurisdiction over this matter and over the property of the Debtor and its bankruptcy estate pursuant to 28 U.S.C. §§ 157(a) and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A),(M)-(O). Venue of this case and the Assumption Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

      B.    **Statutory Predicates**. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105 and 365, and Fed.R.Bankr.P. 6006 and 9014.

      C.    **Notice.** The Trustee asserts that proper, timely, adequate and sufficient notice of the Assumption Motion and the relief requested therein, the assumption and assignment of the

CMAs described in the APA (the "**Transaction**"), has been provided in accordance with sections 102(1) and 365 of the Bankruptcy Code and Bankruptcy Rule 6006, and such notice was good, sufficient, and appropriate under the particular circumstances. No other or further notice of the Assumption Motion, the relief requested therein and all matters relating thereto, the hearing, the Transaction or entry of this Sale Order is or shall be required.

  D. **Opportunity to Object**. Creditors, parties-in-interest and other entities have been afforded a reasonable opportunity to object to the APA. A reasonable opportunity to object or be heard with respect to the Assumption Motion and the relief requested therein has been afforded to all interested persons and entities.

  E. **Compliance with Local Rules**. The Trustee has complied in all respects with Local Rule 9014-1 of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Colorado (the "Local Rules").

  F. **Ownership**. The Trustee asserts that it is the sole and lawful owner of the CMAs and no other person or entity has any ownership right, title or interest therein. The Assumed Contracts are set forth on Exhibit A attached to the Assumption Motion, which is incorporated herein.

  G. **Prompt Consummation**. It is in the best interests of the Estate to sell the Purchased Assets and assume and assign the Assumed Contracts within the time constraints set forth in the Sale Motion, the Assumption Motion and the APA. The APA must be approved and consummated promptly in order to maximize the value of the Purchased Assets for the Estate.

  H. **Corporate Authority**. The Trustee asserts that he has full corporate power and authority to consummate the APA, and all other documents contemplated thereby, and no consents or approvals, other than those expressly provided for in the Agreement, are required for the Trustee to consummate the Transaction.

  I. **Business Justification**. The Trustee has articulated good, sufficient, and sound business reasons for entering into the APA and consummating the Transaction. It is a reasonable exercise of the Trustee's business judgment to consummate the Transaction.

  J. **Best Interests**. Approval of the APA and the consummation of the Sale contemplated by the APA and the Sale Motion, including the assumption and assignment of the CMAs is in the best interests of the estate, its creditors and other parties-in-interest under applicable bankruptcy and nonbankruptcy law.

  K. **Adequate Assurance**. The assumption and assignment of the CMAs pursuant to the terms of the APA and this Order is integral to the Transaction and is in the best interests of the Estate, its creditors and all other parties-in-interest, and represents the reasonable exercise of sound and prudent business judgment by the Trustee. The Purchaser has provided adequate assurance of its future performance under the CMAs for all counter-parties who have requested such assurances, and within the meaning of sections 365(b)(1)(c) and (f)(2)(B) of the Bankruptcy Code. Any counterparty to any of the CMAs that has not objected to the assumption and

assignment of any such CMA, or that has withdrawn its objection, is deemed to have consented to the assumption and assignment of such Assumed CMAs.

L. **Legal and Factual Basis**. The legal and factual basis set forth in the Assumption Motion establish just cause for the relief granted herein.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. **Assumption Motion**. The Assumption Motion is hereby GRANTED as provided herein.

2. **Objections**. All objections to the Assumption Motion and the relief requested therein that have not been withdrawn, waived, resolved, or settled, and all reservations of rights included in such objections, other than objections to disputed Cure Amounts, are hereby overruled on the merits and denied.

3. **Assumption Approval**. The Transaction and all of the terms and conditions and transactions contemplated by the APA, including the Assumption and Assignment of the Assumed CMAs are hereby authorized and approved pursuant to sections 105(a) and 365(a) of the Bankruptcy Code.

    (a) Pursuant to section 365(a) of the Bankruptcy Code, the Trustee is authorized to immediately consummate the Transaction to Purchaser pursuant to and in accordance with the terms and conditions of the APA.

    (b) The Trustee is authorized to execute and deliver, and empowered to perform under, consummate, and implement the APA, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Transaction, and to effectuate the provisions of this Order and the transactions approved hereby, and to take all further actions as may be required of the Trustee under the APA or requested by the Purchaser for the purpose of assigning, transferring, granting, conveying and conferring to the Purchaser, the Assumed CMAs, or as may be necessary or appropriate to the performance of the obligations as contemplated by the APA,

    (c) The failure to specifically include any particular provision of the Agreement in this Order shall not diminish or impair the efficacy of such provision, it being the intent of this Court that the APA and each and every provision, term and condition thereof be authorized and approved in its entirety.

4. **Transfer of the Assumed Contracts and Leases**. As of the Closing the APA, the Transaction shall effect legal, valid, enforceable and effective transfer of the Assumed CMAs to the Purchaser in accordance with the APA, and shall vest each of the Purchaser with all right, title, and interest of the Trustee and the Debtor in and to the Assumed CMAs described in the APA.

5. **No Successor Liability**. The Purchaser is not a "successor" to the Debtor, the Trustee or of the estate by reason of any theory of law or equity, and the Purchaser shall not assume, nor shall the Purchaser be deemed to assume, or in any way be responsible for any liability or obligation of the Debtor and/or its estate with respect to any or all of the Purchased Assets or otherwise, including, but not limited to, under any bulk sales law, doctrine or theory of successor liability, or similar theory or basis of liability (Except to the extent the Purchaser assumes any Assumed CMAs as set forth in the APA, and except for the inclusive of the interests set forth on Schedule C of the APA).

6. **Assumption and Assignment of Assumed CMAs**. Pursuant to section 365(b), (c) and (f) of the Bankruptcy Code, the Trustee is authorized to assume and assign the Assumed CMAs to the Purchaser. In accordance with sections 365(b)(2) and (f) of the Bankruptcy Code, upon transfer of Assumed CMAs to the Purchaser in accordance with the APA, and as set forth Schedule B of the APA and Exhibit A to the Assumption Motion: (i) With respect to the Assumed CMAs being assumed and assigned to it, the Purchaser shall have all of the rights and obligations of the Debtor thereunder and each provision of such Assumed CMA shall remain in full force and effect for the benefit of the Purchaser notwithstanding any provision in any such CMA, or in applicable law that prohibits, restricts or limits in any way such assignment or transfer; and none of the Assumed CMAs may be terminated, or the rights of any party modified in any respect, including pursuant to any "change of control" clause, by any other party thereto as a result of the Transaction.

7. **Assignment Shall Not Constitute a Default**. The assignment by the Trustee of Assumed CMAs to the Purchaser shall not constitute a default under any of the Assumed CMAs and any provision of such Assumed CMAs providing that the Transaction is an event of default shall be deemed null and void and of no effect. Any provisions in any Assumed CMAs that prohibits or conditions the assignment of such Assumed CMA or allows the party to such Assumed CMA to terminate, recapture, impose any penalty, condition on renewal or extension or modify any term or condition upon the assignment of such Assumed CMA constitutes unenforceable anti-assignment provisions that are void and of no force and effect. All other requirements and conditions under Section 365 of the Bankruptcy Code for the assumption by the Debtor and assignment to the Purchaser of the Assumed Contracts and Leases have been satisfied.

8. **No Assignment Fees**. There shall be no assignment fees, increases, rent acceleration, or any other fees charged to the Purchaser or the Estate as a result of the assumption and assignment of the Assumed CMAs.

9. **Payment of Cure Amounts**. On or within five (5) business days following the Closing, the Cure Amounts to which the Purchaser and an applicable non-debtor contract party have agreed as to the allowed Cure Amount (collectively, the "**Undisputed Cure Amounts**"), shall be paid by the Purchaser pursuant to this Order. On or as promptly after the determination by the Court of any disputed Cure Amounts as is reasonably practical (collectively, the "**Disputed Cure Amounts**" and together with the Undisputed Cure Amounts, the "**Cure Amounts**"), shall be paid by the Purchaser pursuant to this Order.

10. **Cure Payments**. The payment of the Undisputed Cure Amounts and the Disputed Cure Amounts (i) shall be deemed to discharge any and all of the Trustee's obligations to cure any monetary defaults under the Assumed CMAs under section 365 of the Bankruptcy Code; (ii) shall effect a cure of all monetary defaults existing as of the date that such Assumed CMAs are assumed as required by section 365 of the Bankruptcy Code; and (iii) compensate, or provide adequate assurance of prompt compensation to any non-debtor party to any of the Assumed CMAs for any actual pecuniary loss resulting from any default under any of the Assumed CMAs as required by section 365 of the Bankruptcy Code.

11. **No Liability for Monetary Defaults Other Than Cure and Bar to Assertion of Such**. Pursuant to section 365(k) of the Bankruptcy Code, after the payment of the relevant Cure Amounts by the Purchaser as provided for herein, the Trustee and the Estate shall have no further liability under the Assumed CMAs including without limitation, for any claims arising or relating to or accruing post-Closing under any of the Assumed CMAs; and the Purchaser shall not have any liabilities to the non-debtor counterparties to the Assumed CMAs other than the Purchaser's obligations under the Assumed CMAs that accrue and become due and payable on or after the date that any such Assumed CMAs are assigned to the Purchaser.  Pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code, all counterparties to the Assumed CMAs are forever barred and permanently enjoined from raising or asserting against the Estate or the Purchaser any assignment fee, default, breach, claim, pecuniary loss, or condition to assignment, arising under or related to the Assumed CMAs , existing as of the date that such Assumed Contracts and Leases are assumed or arising by reason of the Closing.

12. **Binding Order**. The Sale Order, this Order and the APA shall be binding upon and govern the acts of all persons and entities, including, without limitation, the Trustee, the Estate, all creditors of the Debtor (whether known or unknown), the Purchaser, all interested parties, and their respective successors and permitted assigns, and all non-debtor counterparties and all other non-debtor parties asserting any Interests or claims in any or all of the Purchased Assets.

Dated this  7th  day of June, 2018.

BY THE COURT:

_____
The Hon. Joseph G. Rosania
United States Bankruptcy Court Judge