## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF COLORADO

In re:                                    )
                                          )
AEGIS IDENTITY SOFTWARE, INC.,            )        Case No. 18-10126-JGR
                                          )        Chapter 7
Debtor.                                   )

---

**ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORITY TO (A) SELL ASSETS OF THE DEBTOR PURSUANT TO ASSET PURCHASE AGREEMENT; (B) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, RIGHTS, ENCUMBRANCES AND OTHER INTERESTS PURSUANT TO BANKRUPTCY CODE SECTIONS 363(b), 363(f) AND 363(m); (C) ASSUMING AND ASSIGNING CERTAIN EXECUTORY CONTRACTS PURSUANT TO BANKRUPTCY CODE SECTION 365; AND (D) GRANTING RELATED RELIEF**

---

THIS MATTER comes before the Court upon the Motion of Kevin P. Kubie, chapter 7 trustee, For an Order providing Court Authority (A) Approving Purchase and Sale Agreement and Authorizing the Sale of Certain of the Debtor's Assets; (B) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Rights, Encumbrances and Other Interests Pursuant to 11 U.S.C. §§ 363(b), 363(f) and 363(m); (C) Assuming and Assigning Certain Executory Contracts Pursuant to 11 U.S.C. § 365; and, (D) Granting Related Relief ("together, the "**Sale Motion**").  All terms not defined herein shall have the definition set forth in the Sale Motion.

The Court, having reviewed the Motion as well as the file in this Case, being advised in the premises, and determining good cause exists to grant the Trustee the relief requested in the Sale Motion, hereby FINDS:

A.      The Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this case and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought in the Motion are sections 105, 363 and 365 of the Bankruptcy Code, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014.

B.      The Court has exclusive jurisdiction over the Debtor's Assets which are the subject of the Sale Motion ("**Assets**"), including jurisdiction to approve, implement and enforce the terms and provisions of the Asset Purchase Agreement (hereafter, the " **Contract**"), all related agreements and this Approval Order, including any disputes relating thereto or with respect to the sale, the proceeds of sale, the termination of contracts and agreements, and the transfer or assignment and delivery of the Assets to the Successful Bidder.

C.      As reflected in the Certificate of Service filed on May 10, 2018, [Docket No. 43], proper, timely, adequate and sufficient notice of the Sale Motion has been provided to all persons who may claim an interest in the Assets, including (i) lienholders of record, (ii)

1

applicable taxing authorities, (iii) all entities and individuals that have filed claims in the Debtor's Case, (iv) all attorneys that have entered an appearance in the Debtor's Case, (v) and (vi) all entities and individuals who have Customer Maintenance Agreements with the Debtor, as reflected on Schedule B of the Contract. Such notice was good and sufficient, and appropriate under the particular circumstances, and no other or further notice of the Sale Motion is or shall be required. Such notice complied in all respects with the requirements of the Bankruptcy Code and the Bankruptcy Rules; fully and adequately described the relief requested in the Sale Motion; and provided fair and reasonable notice under the circumstances of this case with respect to the deadlines and procedures for objecting to the relief requested in the Sale Motion.

D.      Creditors, parties-in-interest and other persons have been afforded a reasonable opportunity to object to the proposed sale, and to submit competing bids in accordance with the Bidding Procedure Motion and any order granting the same.

E.      No objections to the proposed sale have been filed by any interested party.

F.      Approval of the Contract and consummation of the transactions contemplated by the Contract at this time are in the best interests of the estate, its creditors, and other parties in interest.

G.      The Trustee has demonstrated both (i) good, sufficient, and sound business purpose and justification and (ii) compelling circumstances for closing the transactions contemplated by the Contract pursuant to 11 U.S.C. §§ 363 and 365. The Court further finds that it is in the interest of the bankruptcy estate and the parties in interest thereto that the Sale Motion be granted.

H.      The Debtors' estate is the sole and lawful owner of the Assets and no other person or entity has any ownership right, title or interest therein (subject to the Trustee receiving Court approval of the Stacy Dees Settlement Agreement).

I.      It is in the best interests of the estate that the Assets be sold within the time constraints set forth in the Sale Motion and the Contract. The sale of the Assets must be consummated promptly as provided herein in order to maximize the value of and preserve the value of the Assets for the Debtor's Estate.

J.      As demonstrated by (i) the representations set forth in the Sale Motion, and (ii) the testimony and/or other evidence proffered or adduced at any Sale Hearing (if convened), the Trustee has marketed the Assets and conducted the sale process in compliance with the Bidding Procedure Order.

K.      The marketing and bidding process implemented by the Trustee, as set forth in the Sale Motion, the Bidding Procedures Order, and supporting documentation filed in connection therewith, were fair, proper, complete, provided an adequate opportunity for interested parties to submit improved bids, and were reasonably calculated to result in the best value received for the Assets.

L.     The offer made by ZIVARO Acquisition Sub 1, Inc. (the "**Successful Bidder**"), as memorialized in the Contract, is the highest or otherwise best offer received for the Assets and will provide a greater recovery for the creditors of the estate than would be provided by any other practical available alternative. The purchase price to be paid by the Successful Bidder pursuant to the Contract is fair consideration and constitutes reasonably equivalent value under applicable bankruptcy and non-bankruptcy law for the Assets, as determined by the marketing and auction process.

M.     The Contract was negotiated, proposed and entered into by the Trustee and the Successful Bidder without collusion, in good faith and from arm's-length bargaining positions. The Successful Bidder is not an "insider" of the Debtor, as that term is defined in Section 101(31) of the Bankruptcy Code. Neither the Trustee nor the Successful Bidder has engaged in any conduct that would cause or permit the Contract to be avoided or be the basis for an award for monetary damages under Bankruptcy Code Section 363(n). Specifically, the Successful Bidder has not acted in a collusive manner with any person and the purchase price to be paid by the Successful Bidder was not controlled by any agreement among bidders.

N.     All of the actions taken by the Successful Bidder and its representatives, employees, counsel and other professionals in connection with the Contract, the auction process and this proceeding have been taken in good faith. The Successful Bidder is a good faith purchaser of the Assets subject to the Contract within the meaning of Bankruptcy Code section 363(m) and the Successful Bidder is entitled to all of the protections afforded thereby.

O.     Approval of the Contract and the consummation thereof is in the best interests the estate, its creditors and other parties-in-interest under applicable bankruptcy and nonbankruptcy law.

P.     The Assets constitutes property of the Debtors' estate. The transfer of the Assets to the Successful Bidder in accordance with the Contract will be a legal, valid, and effective transfer of the Assets and will vest the Successful Bidder with all right, title, and interest of the Debtors in and to the Assets, free and clear of all liens, claims, interests, obligations, rights and encumbrances, except as otherwise specifically provided in the Contract in Schedule C or as otherwise set forth in this Order.

Q.     The assignment of the Customer Maintenance Agreements ("**CMAs**") to the Successful Bidder, as provided in the Sale Motion and the Contract, in order to consummate the terms of the Contract, and the assumption of all obligations thereunder by the Successful Bidder, is appropriate, and that all conditions to assignment set forth in the CMAs have been satisfied, that the Successful Bidder has provided the counter-parties to the CMAs with adequate assurance of future performance thereunder to the extent so requested, as required by 11 U.S.C. § 365(b). By having failed to object to the proposed assignment of the CMAs, such counter-parties as set forth on Schedule B of the Contract, are deemed to have consented to the assumption and assignment of the CMAs.

R.     Except as specifically provided in the Contract (including but not limited to liabilities arising under the CMAs arising on and after the "**Closing Date**" - as defined in the Contract, and the alleged security interests specified on Schedule C of the Contract) or as otherwise set forth in this Order, the Successful Bidder shall have no liability for any claims against the Debtor or its Estate or any liabilities or obligations of the Debtor or its Estate. Accordingly, the Trustee may sell the Assets free and clear of all liens, encumbrances, pledges, mortgages, deeds of trust, security interests, claims, leases, charges, options, rights of first refusal, rights of first offer, hypothecations, encroachments, retentions of title, conditional sale arrangements, proxies, voting trusts or agreements, and transfer restrictions under any agreement in each case, and any other interests of any kind or nature whatsoever (collectively, the "**Interests**") and adverse claims, except as provided in the Contract or in this Order, because one or more of the standards set forth in Sections 363(f)(1)–(5) of the Bankruptcy Code has been satisfied with regard to each such Interest or adverse claim. Those parties with Interests or adverse claims in or with respect to the Assets who received notice and who did not object, or who withdrew their objections, to the proposed sale or the Sale Motion are deemed to have consented to the sale of the Assets free and clear of those non-debtor parties' Interests or adverse claims in the Assets pursuant to Section 363(f) of the Bankruptcy Code. Those holders of Interests or adverse claims in the Assets who did object fall within one or more of the other subsections of Section 363(f) of the Bankruptcy Code and are adequately protected by having their Interests or adverse claims, if any, attach to the proceeds derived from sale.  The Successful Bidder would not have entered into the Contract, would not have consummated the purchase, thus adversely affecting the estate and its creditors, if the sale of the Assets to the Successful Bidder and the assumption and assignment of the CMAs to the Successful Bidder were not free and clear of all Interests or adverse claims of any kind or nature whatsoever, or if the Successful Bidder would, or in the future could, be liable for any of the Interests or adverse claims.

S.     The transfer of the Assets to the Successful Bidder (i) does not constitute any avoidable transfers under the Bankruptcy Code or under applicable bankruptcy or non-bankruptcy law, and (ii) except as otherwise set forth in the Contract, does not, and will not, subject the Successful Bidder to any liability whatsoever with respect to the operation of the Debtors' business prior to the closing of the sale or by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, based, in whole or in part, directly or indirectly, on any theory of law or equity including, without limitation, any laws affecting antitrust, successor, transferee or vicarious liability.

**The Court, therefore, HEREBY ORDERS:**

1.     The Sale Motion is HEREBY GRANTED.  The terms of the Contract between the Trustee and the Successful Bidder, is APPROVED.  The sale of the Assets to the Successful Bidder, pursuant to the Contract, and all of the terms and conditions and transactions contemplated by the Contract, are hereby authorized and approved pursuant to Sections 105(a), 363(b), 363(f) and 365(a) of the Bankruptcy Code.  The Trustee is authorized to sell the Assets to the Successful Bidder in accordance with the Contract, and transfer, assign and convey the Assets to the Successful Bidder on the Closing Date.

4

2.     The Trustee is authorized to execute and deliver, and empowered to perform under, consummate, and implement the Contract, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the sale, and to effectuate the provisions of this Sale Order and the transactions approved hereby, and to take all further actions as may be required under the Contract or reasonably requested by the Successful Bidder for the purpose of assigning, transferring, granting, conveying and conferring to the Successful Bidder, or its assignees or designees, or reducing to possession, Assets, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Contract. The Trustee is authorized to pay, from the sale proceeds, customary closing costs, including recording  fees, all in accordance with the Contract.

3.     Title to the Assets, more particularly described on **Exhibits A and B to the Contract**, shall be conveyed to the Successful Bidder, free and clear of all Interests and adverse claims, including but not limited to the interests asserted by creditors and other interested parties as reflected in filed proofs of claim, as summarized in Paragraph 11, and 22-25 of the Sale Motion, and except as reflected in Schedule C of the Contract, pursuant to 11 U.S.C. §§ 363(b) and (f), with all such interests to attach to the proceeds of the Assets in the order of priority they hold under applicable law, to the extent required.

4.     Except as expressly set forth in the Contract (see, Schedule C of the Contract) or otherwise expressly provided for in this Sale Order, the Successful Bidder, affiliates, members, or shareholders shall not have any liability or responsibility for any obligations of the Debtor or the estate arising under or related to the Assets.  Without limiting the generality of the foregoing, and except as otherwise specifically provided herein or in the Contract, the Successful Bidder shall not be liable for any interests against  the  Debtor  or  any  of  its predecessors, affiliates or insiders,  and  the Successful Bidder shall  have  no  successor or vicarious liabilities of any kind  or character, including, but not limited to, under any theory of antitrust, successor or transferee liability, labor law, de facto or other merger or consolidation, mere continuation, or substantial continuity, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, whether asserted or unasserted, whether legal or equitable, whether liquidated or unliquidated, including, but not limited to, liabilities on account of warranties, and any taxes arising, assessed against, accruing or payable under, out of, in connection with, or in any way relating to the operation of the Assets prior to the Closing Date.

5.     The Trustee is authorized to assume and assign the CMAs to the Successful Bidder pursuant to 11 U.S.C. §§ 365(b) and (f). The CMAs shall be transferred to, and remain in full force and effect for the benefit of, the Successful Bidder in accordance with their respective terms, notwithstanding any provision in the CMAs (including those of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer and, pursuant to 11 U.S.C. § 365(k), the Estate shall be relieved from any further liability with respect to the CMAs after such assignment to and assumption by the Successful Bidder.

6.     The validity of the sale shall not be affected by the dismissal of the Debtor's bankruptcy case, or its conversion to another chapter under title 11 of the United States Code.

7.     Should ZIVARO Acquisition Sub 1, Inc. not be the Successful Bidder, the Trustee is authorized to pay the Expense Reimbursement to ZIVARO Acquisition Sub 1, Inc., pursuant to the terms of the Bid Procedures Order.

8.     This Court shall retain jurisdiction on all matters pertaining to the relief granted herein, including to interpret, implement, and enforce the terms provisions of this Sale Order and the Contract, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to adjudicate any dispute relating to or all of the sale or the proceeds thereof, the assumption, assignment and cure of any of the CMAs and to compel delivery of the Assets to the Successful Bidder or the Successful Bidder's assignees or designees.

Dated this  7th  day of June, 2018.


BY THE COURT:

_____

The Hon. Joseph G. Rosania
United States Bankruptcy Court Judge